RHODE ISLAND PERKINS HORSE SHOE COMPANY *et al. vs.* BOARD OF LICENSE COMMISSIONERS OF CUMBERLAND.

Chapter 102, § 2, of the General Laws of Rhode Island, relative to granting licenses for the sale of intoxicating liquors, provides: ". . . and no license shall be granted under this chapter to authorize the sale of any such liquors at any building or place where the owners or occupants of the greater part of the land within two hundred feet of such building or place shall file with the board having jurisdiction to grant licenses their objection to the granting of such license." A. applied for a license and, being met by such objection, withdrew his application. The remonstrance was not withdrawn. A. filed a new application within the same license year.

*Held,* that the remonstrance on file related to a license to be operative during the license year, and the license commissioners had no power to grant the second application.

CERTIORARI.

*November* 21, 1896. PER CURIAM. It is conceded that the owners and occupants of the greater part of the land within two hundred feet of the premises for which the license was asked to sell intoxicating liquors, to run from the year beginning May 1, 1896, filed their remonstrance with the license commissioners of the town of Cumberland. Although this remonstrance was filed April 29th, it clearly related to a license to be operative during the year following May 1st. The petition for such license having been withdrawn, the remonstrance remaining on file, and the petition having been renewed on May 8th, the license commissioners were notified

by the remonstrants that they had not withdrawn their remonstrance. The court is of the opinion that the remonstrance is to be treated as applicable to the second petition, and that the license commissioners had no power to grant the license.

An order to quash may be entered.

*Stephen O. Edwards & Walter F. Angell*, for petitioners.
*Joseph Osfield, Jr., & John W. Hogan*, for respondents.